Kerry K. Fennelly (SBN 232621)
kfennelly@kraw.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@kraw.com
Kraw Law Group, APC
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INLAND EMPIRE IBEW-NECA DEFINED CONTRIBUTION TRUST FUND; BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE TRUST FUND; BOARD OF TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; BOARD OF TRUSTEES OF THE RIVERSIDE COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE INLAND EMPIRE IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE NATIONAL ELECTRICAL INDUSTRY FUND; and LOCAL UNION NO. 440 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br><br> Plaintiffs, <br><br> v. <br><br> HIGH-LIGHT ELECTRIC, INC., a California corporation, <br><br> Defendant. | CASE NO. 5:22-cv-00087 <br><br> COMPLAINT: <br> 1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS <br> 2. VIOLATION OF SECTION 515 OF ERISA |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case under section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e), which grants the district courts of the United States the exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA, 29 U.S.C. §1132(f).

2.      This Court also has jurisdiction over this case pursuant to section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), which grants the district courts of the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.      Venue is proper in this Court pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which some of the subject employee benefit plans are administered, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4.      To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant 28 U.S.C. § 1367(a).

## PARTIES

5.      Plaintiffs are the Trustees of the Inland Empire IBEW-NECA Defined Contribution Trust Fund ("DC Fund"), the NECA/IBEW Family Medical Care Trust Fund ("Health Fund"), the National Electrical Benefit Fund ("NEBF"), the Riverside County Electrical Educational and Training Trust Fund (Training Fund"), the Inland

COMPLAINT

Empire IBEW-NECA Labor Management Cooperation Committee Trust ("LMCC Fund"), and the National Electrical Industry Fund ("NEIF") (collectively "Trust Funds").

6. Plaintiffs also include the Local Union No. 440 International Brotherhood of Electrical Workers ("Local 440").

7. The Trust Funds and Local 440 are each duly organized and operating in the State of California.

8. The Trust Funds are multiemployer trust funds created and maintained pursuant to section 302(c) of the LMRA, 29 U.S.C. § 186(c).

9. The Trust Funds, except the LMCC Fund and the NEIF, are multiemployer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145, and the Plaintiff trustees of these Trust Funds are "fiduciar[ies]" as defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

10. Plaintiffs are informed and believe, and allege thereon, that Defendant, High-Light Electric, Inc., ("Defendant"), is and at all times relevant herein was, a corporation organized and existing under laws of the State of California with its principal place of business in Colton, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

11. On or about September 20, 2007, the Defendant signed a Letter of Assent, pursuant to which Defendant agreed to be bound to the terms of a collective bargaining agreement between the Southern Chapter of NECA and Local 440 of the IBEW, now known as the Inside Wireman's Agreement ("Local 440 Wireman's Agreement"). Attached hereto as Exhibit 1 and incorporated herein by reference is the executed copy of the Letter Assent with Local 440 binding Defendant to the Local 440 Wireman's Agreement.

12. Plaintiffs are further informed and believe, and thereon allege, that on or about December 12, 2012, Defendant signed an Agreement to Be Bound, pursuant to which Defendant agreed to be bound to the terms of the Abengoa Mojave Solar Project Labor Agreement ("PLA") with regard to work to be performed on the Abengoa Mojave

Solar Project ("Solar Project"), and specifically agreed to be bound to the trust agreements designated in the local master collective bargaining agreements. Attached hereto as Exhibit 2 and incorporated herein by reference is the executed copy of the Agreement to Be Bound binding Defendant to the PLA.

13.     Plaintiffs are informed and believe, and thereon allege, that on or about March 20, 2013, Defendant entered into a Memorandum of Understanding ("MOU") with Local 477 of the IBEW, stating that for all work performed by Defendant under the PLA, Defendant shall comply with and be bound to the Local 477 Inside Wireman's Agreement ("Local 477 IWA"). Attached hereto as Exhibit 3 and incorporated herein by reference is the executed copy of the MOU binding Defendant to the Local 477 IWA.

14.     Plaintiffs are informed and believe, and thereon allege, that the PLA requires employers working on the Solar Project covered by the PLA to pay fringe benefit contributions to the established employee benefit funds related to the signatory local unions, and to make all authorized deductions in the amounts designated in the appropriate incorporated collective bargaining agreements.

15.     Plaintiffs are informed and believe, and thereon allege, that the PLA incorporates by reference the signatory unions' collective bargaining agreements. Local 477 is a signatory union to the PLA. Therefore, the terms and provisions of the Local 477's applicable collective bargaining agreements are incorporated in the PLA.

16.     Plaintiffs are informed and believe, and thereon allege, that the applicable collective bargaining agreement for the work performed by Defendant on the Solar Project under the PLA is the Local 477 IWA.

17.     The Local 440 Wireman's Agreement and Local 477 Wireman's Agreement are collectively referenced herein as the "Master Agreements."

18.     Plaintiffs are informed and believe, and allege thereon, that at all times relevant herein, the Defendant was bound by the terms and conditions of the Master Agreements.

19.     Plaintiffs are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreements, and/or the PLA, and/or that Defendant is otherwise bound to the terms and provisions of the Trust Agreements.

20.     Plaintiffs are informed and believe, and thereon allege, that Defendant performed services covered by the PLA and Master Agreements.

21.     Plaintiffs are informed and believe, and allege thereon, that the Defendant is an "employer" at that term is defined in the Master Agreements and/or related Trust Agreements. Plaintiffs are informed and believe, and allege thereon, that the Defendant is an "employer" as defined and used in section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Defendant is "obligated to make contributions to a multiemployer plan" within the meaning of section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**FIRST CLAIM FOR RELIEF**
**BREACH OF WRITTEN COLLECTIVE BARGAINING**
**AGREEMENTS AND RELATED TRUST AGREEMENTS**

22.     Plaintiffs hereby incorporate by reference paragraphs 1 through 21 above to the same effect as if set forth verbatim here.

23.     Plaintiffs are informed and believe, and thereon allege, that by the terms of and provisions of the Master Agreements, PLA, and/or related Trust Agreements, and at all times material herein, Defendant agreed, and was obligated to:

23.1    Prepare and submit true, complete and accurate written monthly contribution reports to the Trust Funds and Local 440 on a timely basis showing: (i) the identities of employees performing work covered by the Master Agreements, PLA, and/or the related Trust Agreements, (ii) the number of hours worked by these

employees, (iii) the rates of pay, (iv) character of hours worked (e.g., straight time, over-time, etc.), and (v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, union dues, and/or withholdings attributable to the same employees

23.2    Pay to the Trust Funds and Local 440 fringe benefit contributions, union dues and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trust Funds and Local 440 by a date certain of the month succeeding the month in which work was performed. These amounts are due and payable at the Southern Sierras Chapter of NECA office in Redlands, California.

23.3    Permit the Trust Funds and Local 440 and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to the Trust Funds and Local 440 pursuant to the Master Agreements and/or related Trust Agreements.

24.    On or about March 2, 2018, the Plaintiffs (through their payroll Auditor) initiated an audit of Defendant's books and records to determine if the appropriate fringe benefit contributions and union dues had been paid to the Trust Funds and Local 440 pursuant to the Master Agreements and Trust Agreements for work performed during March 2013 through December 2017 (the "Audit").

25.    Defendant produced records for the Audit in a piecemeal basis beginning on June 27, 2018, and continuing through June of 2021. Plaintiffs and their Auditor consistently urged the Defendant to produce the necessary documents in a timely fashion, but Defendant refused and failed to do so. Some of the most critical documents needed to perform the Audit were not submitted by Defendant to Plaintiffs' Auditor until August 20, 2020, and then in June of 2021. As of this date, Defendant has still failed to produce certain documents requested pursuant to the Audit.

26.    On or about July 14, 2021, the Audit was completed, and resulted in a claim totaling $1,130,418.11 owed by Defendant to the Plaintiffs, including for fringe benefit

COMPLAINT

contributions, union dues, as well as associated liquidated damages, accrued interest, and audit fees. The hours of covered work included in the Audit Claim were not included in Defendant's monthly contributions reports under the Master Agreements for the months of March 2013 through December 2017, and Plaintiffs did not know, and did not have reason to know, of Defendant's underpayment until sometime in 2020.

27.     Defendant has breached the Master Agreements, PLA, and/or related Trust Agreements by failing to pay Plaintiffs fringe benefit contributions, union dues, and/or other amounts dues as discovered through the Audit, and also failed to submit all documents requested in connection with the Audit. The Defendant currently owes Plaintiffs for fringe benefit contributions, and union dues in an amount of at least $565,937.96 for March 2013 through December 2017. The exact amount of the fringe benefit contributions and union dues due and owing will be established by proof at trial herein.

28.     Plaintiffs are informed and believe, and allege thereon, that there is no pending unsatisfied condition subsequent or legal excuse for the Defendant's failure to comply with the terms of the Master Agreements and/or related Trust Agreements.

29.     As of the date of the filing of this Complaint, the Defendant is "delinquent," as that term is used in the Master Agreements and/or related Trust Agreements.

30.     Pursuant to the Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is obligated to pay to the Trust Funds liquidated damages for the detriment caused by Defendant's failure to pay fringe benefit contributions owed to the Trust Funds in a timely manner. Plaintiffs are informed and believe, and allege thereon, that there is due and payable to from the Defendant to the Trust Funds liquidated damages related to work performed in an amount of at least $68,132.95.

31.     Pursuant to the Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant owes the Trust Funds and Local 440 interest on all unpaid fringe benefit contributions and union dues from the

COMPLAINT

dates the sums were originally due to the Trust Funds and Local 440 to the date of judgment and post-judgment. The amount of interest of at least $445,502.97.

32.     Pursuant to the Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced.

33.     It has been necessary for the Plaintiffs to engage legal counsel and incur costs for the purpose of collecting said contributions and other amounts, and the Plaintiffs are entitled to their reasonable attorney's fees in connection therewith. The exact amount of the legal fees and costs due and payable, and any audit costs that may be incurred, have not been ascertained at this time. These amounts shall be established by proof at the trial herein.

34.     Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Plaintiffs' judgment, the Plaintiffs request the Court to:

34.1 Order the Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreements and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Trust Fund and Local 440.

34.2 Order the Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trust Funds and Local 440, in an amount to be determined by the Court to be appropriate.

34.3 Order the creation of a constructive trust for the full amount determined to be due to the Plaintiffs on all applicable property of the Defendant, and order the transfer of the applicable property to the Plaintiffs; and

34.4   Order the Defendant, its representatives, agents and associates, to pay to the Plaintiffs all amounts due to the Trust Funds and Local 440, including, but not limited to, the unpaid contributions, union dues, withholdings, damages, legal fees, audit fees, and other expenses and damages incurred.

35.   Plaintiffs are also seeking injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction ordering the Defendant to permit the Plaintiffs' Auditor access to the wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local 440.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF SECTION 515 OF ERISA

36.   Plaintiffs hereby incorporate by reference paragraphs 1 through 35, inclusive of the sub-paragraphs, above to the same effect as if set forth verbatim here.

37.   Section 515 of ERISA, 29 U.S.C. § 1145, provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

38.   The Defendant is an "employer" as defined and used in section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is "obligated to make contributions to a multiemployer plan" within the meaning and use of section 515 of ERISA, 29 U.S.C. § 1145.

39.   Plaintiffs are informed and believe, and allege thereon, that Defendant violated its statutory mandated obligation to timely pay fringe benefit contributions to the Trust Funds. Plaintiffs are informed and believe, and allege thereon, that there is due and payable from the Defendant the fringe benefit contributions and other amounts set forth in paragraphs 27-33 above.

40.   Defendant failed to timely cure its violation, and has since continued to violate its statutory obligations.

41.     Plaintiffs are informed and believe, and allege thereon, that there is no pending unsatisfied condition subsequent or legal excuse for the Defendant's violation of section 515 of ERISA, 29 U.S.C. § 1145.

42.     Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in amount not in excess of 20% (or such higher percentages as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorney's fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended 26 U.S.C. § 6621. The exact amount of the unpaid contributions, interest, liquidated damages, reasonable attorney's fees, court costs, and other expenses allowed by federal statute and owed by the Defendant to the Trust Funds has not been ascertained at this time. These amounts shall be established by proof at the time of trial.

43.     As part of the Plaintiffs' judgment, the Plaintiffs shall also request the relief set forth in paragraph 34-35, inclusive of sub-paragraphs, above.

## **PRAYER**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1.     For unpaid fringe benefit contributions, union dues, liquidated damages, and other amounts due as proved;

2.     For damages for breach of contract in amounts as proved;

3.     For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4.     For reasonable attorney's fees;

COMPLAINT

5.      For costs of suit incurred herein;

6.      For additional relief as this Court deems just and proper, including, but not limited to, the following:

6.1     An Order directing the Defendant, its representative, agents, and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreements and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Plaintiffs;

6.2     An Order directing the Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trust Funds, in an amount determined by the Court to be appropriate;

6.3     An Order for the creation of a constructive trust for the full amount determined to be due to the Plaintiffs on all applicable property of the Defendant, and an Order for the transfer of the applicable property to the Plaintiffs; and

6.4     An Order directly the Defendant, its representatives, agents and associates, to pay the Plaintiffs all amounts due the Plaintiffs, including, but not limited to, the unpaid contributions, union dues, legal fees, audit fees and other expenses and damages incurred.

6.5     Order the Defendant to permit the Plaintiffs' Auditor access to the wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local 440. Said documents would include the following documents: payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, forms W-2, W-3, DE-6 and 941 wage and tax statements, general ledger, accounts receivable listings, cash disbursement journals, job cost records, invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, cancelled checks and check stub registers, inspector logs, shift differential logs, work orders, payroll records for related companies, employer contribution reports and cancelled checks regarding contributions owed/paid

COMPLAINT

to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary to in order to determine the sums owed by the Defendant to the Plaintiffs.

7.     For injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction ordering the Defendant to permit the Plaintiffs' auditor access to the wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local Unions. Said documents would include the following documents: payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, forms W-2, W-3, DE-6 and 941 wage and tax statements, general ledger, accounts receivable listings, cash disbursement journals, job cost records, invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, cancelled checks and check stub registers, inspector logs, shift differential logs, work orders, payroll records for related companies, employer contribution reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary to in order to determine the sums owed by the Defendant to the Plaintiffs.

Dated: <u>January 13, 2022</u>          <u>/s/ Kerry K. Fennelly</u>
                                        Kerry K. Fennelly, Esq.
                                        Valentina S. Mindirgasova, Esq.
                                        Kraw Law Group, APC
                                        1017 East Grand Avenue
                                        Escondido, CA 92025
                                        (760)747-1100 tel
                                        (760)747-1188 fax
                                        kfennelly@kraw.com
                                        vmindirgasova@kraw.com

                                        Attorneys for Plaintiffs

12

COMPLAINT

# EXHIBIT 1

# LETTER OF ASSENT – A

In signing this letter of assent, the undersigned firm does hereby authorize [1]    SOUTHERN SIERRAS CHAPTER NECA

_____ as its collective bargaining representative for all matters contained in or pertaining to the

current and any subsequent approved [2]    INTELLIGENT TRANSPORTATION SYSTEMS    labor agreement between the

[1]    SOUTHERN SIERRAS CHAPTER NECA    and Local Union [3]  440   IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4]  20th  day of

September  2007. It shall remain in effect until terminated by the undersigned employer giving written notice to the

[1]    SOUTHERN SIERRAS CHAPTER NECA    and to the Local Union at least one hundred

fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

## SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

HIGH LIGHT ELECTRIC, INC.    C10 #: 806335
[5] Name of Firm

P O BOX 7339        PHONE : 951.352.9646
Street Address/P.O. Box Number

RIVERSIDE, CA  92513        FAX : 951.352.2498
City, State (Abbr.) Zip Code

[4] Federal Employer Identification No.:    33-0904247

APPROVED
INTERNATIONAL OFFICE - I.B.E.W
SEP 27 2007
Edwin D. Hill, President
This approval does not make
International a party to this agreement

SIGNED FOR THE EMPLOYER

BY [7] _____
        (original signature)
NAME [8]    ERWIN MENDOZA

TITLE/DATE    PRESIDENT

SIGNED FOR THE UNION [3] 440    IBEW

BY [7] _____
        (original signature)
NAME [8]    ROBERT C. FROST

TITLE/DATE    BUSINESS MANAGER

### INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.
[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.
[3] LOCAL UNION
Insert Local Union Number.
[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES
[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form. Exhibit 1 to COMPLAINT - 14

# EXHIBIT 2

## ATTACHMENT A
## AGREEMENT TO BE BOUND

### PROJECT LABOR AGREEMENT
### ABENGOA MOJAVE SOLAR PROJECT

The undersigned hereby certifies and agrees that:

1.) It is an Employer as that term is defined in Article 1.4 of the Abengoa Mojave Solar Project Labor Agreement ("Agreement") because it has been, or will be, awarded a contract or subcontract to assign, award or subcontract Covered Work on the Project (as defined in Articles 1.2 and 2.1 of the Agreement), or to authorize another party to assign, award or subcontract Covered Work, or to perform Covered Work.

2.) In consideration of the award of such contract or subcontract, and in further consideration of the promises made in the Agreement and all attachments thereto (a copy of which was received and is hereby acknowledged), it accepts and agrees to be bound by the terms and conditions of the Agreement, together with any and all amendments and supplements now existing or which are later made thereto.

3.) If it performs Covered Work, it will be bound by the legally established trust agreements designated in local master collective bargaining agreements, and hereby authorizes the parties to such local trust agreements to appoint trustees and successor trustee to administer the trust funds, and hereby ratifies and accepts the trustees so appointed as if made by the undersigned.

4.) It has no commitments or agreements that would preclude its full and complete compliance with the terms and conditions of the Agreement.

5.) It will secure a duly executed Agreement to be Bound, in form identical to this document, from any Employer(s) at any tier or tiers with which it contracts to assign, award, or subcontract Covered Work, or to authorize another party to assign, award or subcontract Covered Work, or to perform Covered Work.

DATED: _12/12/12_    Name of Employer  _High Light Electric_

_____
(Authorized Officer & Title)
_Peter Mendez, Vice Pres/Ops._

_P.O. Box 7339_
(Address)
_Riverside_

2218-048n

Exhibit 2 to COMPLAINT - 16
Bd. of Trs. of the Inland Empire IBEW-NECA Defined Contribution Trust Fund, et al., v. High-Light Electric, Inc.

# EXHIBIT 3

LOC 477

## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding ("Agreement") is entered into this ___ day of March, 2013, between IBEW Local No. 477 ("Local 477") and High Light Electric Inc. ("High Light").

WHEREAS, High Light is signatory to an Agreement to Bound to the Project Labor Agreement for the Abengoa Mojave Solar Project Solar Field and Assembly Facility, San Bernardino County, California ("PLA"), and is an "Employer" under the PLA;

WHEREAS, Section 8.2 of the PLA requires any Employer under the PLA performing covered work to become signatory to both the PLA and the applicable local labor agreement;

WHEREAS, Section 8.8 of the PLA states that any Employer not already bound to a local labor agreement with the applicable craft that becomes bound to such a local labor agreement, shall not be required to apply the terms of that local agreement to any other construction project in which the Employer is engaged;

WHEREAS, under Section 17.1 of the PLA, the term of the PLA runs until the Owner delivers the Certificate of Commercial Operation to the electric utility company, except that punch list work remains Covered Work;

WHEREAS, Local 477's local labor agreement applicable to the work performed under the PLA is the Inside Agreement between Local 477 and the Southern Sierras Chapter of the National Electrical Contractors' Association covering San Bernardino, Inyo and Mono Counties ("Local 477 Inside Agreement") the current term of which is June 1, 2012, to May 31, 2015;

NOW THEREFORE, the parties hereby enter into this Agreement and voluntarily agree to the following terms and conditions in consideration of the mutual promises of the parties and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1. High Light has examined a copy of the Inside Agreement.

2. For all work performed by High Light under the PLA, High Light shall comply with and be bound to the Inside Agreement, including any amendments thereto, and any subsequent agreements.

8.  In accordance with Orders issued by the United States District Court of the District Court of the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if High Light is not a member of the National Contractors Association, this Agreement shall not bind the parties to any provision in the Inside Agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of the Court shall be stayed, reversed on appeal, or otherwise nullified.

Agreed to:

For IBEW Local No. 477:

Name: John A. Brown

Title/Date: BM/FS 20 March 2013

For High Light Electric, Inc.

Name: ERWIN MENDOZA
      PRESIDENT
Title/Date: 3/20/13